RUSSELL B. HILL (State Bar No. 190070)
JESSE D. MULHOLLAND (State Bar No. 222393)
ELIZABETH YANG (State Bar No. 249713)
Howrey LLP
2020 Main Street, Suite 1000
Irvine, California 92614-8200
Telephone: 949/721-6900
Facsimile: 949/721-6910

Attorneys for Plaintiff
ELECTRONICS FOR IMAGING, INC.

FILED
07 OCT 30 PM 4:01
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELECTRONICS FOR IMAGING, INC.,
a Delaware corporation,

        Plaintiff,

   v.

TESSERON, LTD., an Ohio limited liability company,

        Defendants.

C No. 07 5534

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

FAXED

Plaintiff Electronics for Imaging, Inc. ("EFI"), for its claims against Defendant Tesseron Ltd. ("Tesseron"), alleges as follows:

## JURISDICTION

1. This action arises under the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this declaratory judgment action under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and 1367(a).

2. This Court has personal jurisdiction over Tesseron by way of Tesseron's ongoing and substantial business in the Northern District of California. Based on information and belief, Tesseron, through its agents, affiliates, and/or alter egos, has continuing and extensive contacts with this forum, including contacts with companies in this forum to which it sells and provides service support for variable data printing ("VDP") software and hardware. Moreover, based on information and belief Tesseron has, through its agents, affiliates and/or alter egos, accused EFI's customers of performing, within this judicial district, acts constituting patent infringement. EFI's principal place of business is within this judicial district.

## VENUE

3. Venue is proper under 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## INTRADISTRICT ASSIGNMENT

4. EFI's principal place of business is located within the County of San Mateo, and this is an intellectual property action, therefore it can be assigned to the San Francisco Division pursuant to Civil L.R. 3-2(c).

## THE PARTIES

5. EFI is a Delaware corporation with its principal place of business within the County of San Mateo at 303 Velocity Way, Foster City, California 94404.

6. EFI is informed and believes that Tesseron is an Ohio limited liability company with its principal place of business at 8792 Maineville, Maineville, Ohio 45039.

## FACTUAL ALLEGATIONS

7. In conjunction with its industry-leading Fiery® print controllers, EFI offers pioneering variable data printing ("VDP") solutions. VDP refers to the ability to customize printed material by mixing and matching both graphical and text content. VDP links document layouts to databases including text and graphics objects for combination into personalized documents for printing. During the VDP printing process, computer applications take content from the databases and integrate it into a document according to rules that specify which elements are used and where they are placed. As a result, VDP can make each printed document different by changing the information for each print job. EFI's industry-leading VDP technologies include its Fiery® FreeForm and Fiery® FreeForm 2 software, Fiery® print controllers, and mid-range to high-end Fiery® production servers.

8. In addition to selling its own products, EFI sells VDP components to other original equipment manufacturers ("OEM's"). OEMs such as Canon USA, Inc. ("Canon"), Ricoh Company, Ltd. ("Ricoh"), and Konica Minolta Business Technologies, Inc. ("K-M"), incorporate EFI's components into their digital printing equipment. Canon utilizes the EFI VDP components in its ColorPASS-Z7500/Z7100/Z6100 servers ("ColorPASS servers"). Ricoh utilizes the EFI VDP components in its Ricoh Aficio Color 3506, Ricoh Aficio Color 4506, Ricoh Aficio Color 6513, Ricoh Aficio Color 3260C, Ricoh Aficio Color 5560, Lanier 5813, Lanier 5625, Lanier LC031, Lanier LC155, Lanier LD160c, Savin SDC326, Savin SDC326A, Savin SDC531, Savin C6045, Savin SDC413, Savin SDC555, Gestetner CS231, Gestetner CS225, Gestetner CS213D, Gestetner CS331, and Gestetner DSc460 variable-enabled printing systems ("Ricoh printing systems") as well as Toshiba e-STUDIO 4500c, e-STUDIO 5500c, e-STUDIO 900, and e-STUDIO 1050 (Ricoh development name Bellini-C2a, Bellini-C2b, Venus-C1a and Venus-C1b, respectively) variable-enabled printing systems ("Toshiba printing systems").

9. On October 28, 2004, Tesseron sued Xerox Corporation ("Xerox") for patent infringement in the United States District Court for the Northern District of Ohio. Tesseron alleges that Xerox's VIPP® software and associated VIPP®-enabling printing systems infringe seven patents assigned to Tesseron. VIPP® is an acronym for Variable Data Intelligent PostScript Printware a VDP

software program created by Xerox in the early 1990s. Xerox's VIPP® software and VIPP®-enabling printing systems are compatible with EFI Fiery® print controllers.

10. On November 1, 2004, Tesseron sued GMC Software AG and GMC Software Technology, Inc. (collectively "GMC") for patent infringement in the United States District Court for the Northern District of Ohio. Tesseron alleges that all versions of GMC's PrintNet™ software infringe the same seven patents asserted in its suit against Xerox. PrintNet™ is VDP software used to create and produce customized variable data documents.

11. In 2005, Tesseron sent a letter to EFI, informing EFI that it had recently filed suit against Xerox and GMC for patent infringement in the United States District Court for the Northern District of Ohio. Tesseron also threatened that EFI should negotiate with it now because, depending on how the litigation against Xerox and GMC progressed, Tesseron may decide that it would be better served enforcing its rights with respect to other parties, including EFI, through litigation.

12. EFI has attempted in vain to deal with Tesseron directly. On April 6, 2005, EFI requested for Tesseron to send copies of relevant patents, file histories, and any other documents that would show how Tesseron's patents relate to EFI's products. Tesseron never responded.

13. Instead, Tesseron sidestepped EFI and sent letters wrongly alleging patent infringement to many of EFI's customers.

14. On or about April 12, 2005, Tesseron sent a letter to Canon explicitly charging that the Canon ColorPASS servers infringe at least several of Tesseron's patents and threatening that if Canon sold its ColorPASS servers without a license, "the cost to Canon could be significant." Canon has demanded that EFI indemnify Canon against Tesseron's claims.

15. On September 27, 2006, Tesseron sent a letter to K-M asserting patent rights and explicitly charging that the K-M OEM products infringe at least several of Tesseron's patents.

16. EFI sent another letter to Tesseron on January 19, 2007, after Tesseron refused to deal with EFI directly while harassing its customers. EFI reiterated its original request and further asked Tesseron to provide EFI with a claim chart, detailing why Tesseron believed that EFI's products infringe Tesseron's patents. Again, EFI never heard back from Tesseron.

17. On March 26, 2007, Tesseron sent a claim chart to Ricoh explicitly charging that the Ricoh printing systems infringe at least several of Tesseron's patents. On April 27, 2007, Ricoh sent a letter to EFI notifying EFI regarding Tesseron's warning of patent infringement.

18. On June 1, 2007, Ricoh sent a letter and claim charts to EFI notifying EFI about further patent infringement allegations from Tesseron in regards to the Toshiba printing systems that Ricoh supplied to Toshiba Tec Corp., employing Fiery® controller supplied to Ricoh from EFI.

19. On September 26, 2007, Tesseron filed a Complaint in the Northern District of Ohio alleging, inter alia, that K-M's products, which incorporate EFI's Fiery® print controllers, infringe one or more claims of U.S. Patent Nos. 5,729,665 ("the '665 patent"), 5,937,153 ("the '153 patent"), 6,209,010 B1 ("the '010 patent"), 6,381,028 B1 ("the '028 patent"), 6,487,568 B1 ("the '568 patent"), 6,599,325 B2 ("the '325 patent"), 6,687,016 B2 ("the '016 patent"), and 6,771,387 B2 ("the '387 patent"), collectively (the "patents-in-suit"). Tesseron based its accusations on the presence of EFI Fiery® print controllers in K-M's products.

20. Shortly after receiving a copy of the Complaint, K-M notified EFI and demanded that EFI defend, indemnify and hold harmless K-M.

21. EFI once again sent Tesseron a letter on October 9, 2007 asking Tesseron to resolve this conflict with EFI directly.

22. Tesseron's continued accusations and threats create an uncertainty concerning EFI's future business plans and an immediate and real controversy now exists between EFI and Tesseron on all claims asserted herein. Based on the foregoing, there is an actual, immediate and justiciable controversy between EFI and Tesseron as to the infringement and validity of the '665, '153, '010, '028, '568, '325, '016, and '387 patents.

**FIRST CLAIM OF RELIEF**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 5,729,665**

23. EFI realleges and incorporates the allegations of paragraphs 1 through 22.

24. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 5,729,665 ("the '665 patent").

25. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that it does not infringe the '665 patent.

## SECOND CLAIM OF RELIEF
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 5,729,665

26. EFI realleges and incorporates the allegations of paragraphs 1 through 25.

27. One or more of the claims of the '665 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '665 patent are invalid.

## THIRD CLAIM OF RELIEF
## DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 5,729,665

29. EFI realleges and incorporates the allegations of paragraphs 1 through 28.

30. The '665 patent is unenforceable.

31. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '665 patent is unenforceable.

## FOURTH CLAIM OF RELIEF
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 5,937,153

32. EFI realleges and incorporates the allegations of paragraphs 1 through 31.

33. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 5,937,153 ("the '153 patent").

34. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a

declaratory judgment that it does not infringe the '153 patent and further that K-M's utilization of EFI's Fiery® print controllers does not infringe the '153 patent.

### FIFTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 5,937,153

35. EFI realleges and incorporates the allegations of paragraphs 1 through 34.

36. One or more of the claims of the '153 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

37. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '153 patent are invalid.

### SIXTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 5,937,153

38. EFI realleges and incorporates the allegations of paragraphs 1 through 37.

39. The '153 patent is unenforceable.

40. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '153 patent is unenforceable.

### SEVENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 6,209,010 B1

41. EFI realleges and incorporates the allegations of paragraphs 1 through 40.

42. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 6,209,010 B1 ("the '010 patent").

43. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a

1 declaratory judgment that it does not infringe the '010 patent and further that K-M's utilization of
2 EFI's Fiery® print controllers does not infringe the '010 patent.

### EIGHTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 6,209,010 B1

44. EFI realleges and incorporates the allegations of paragraphs 1 through 43.

45. One or more of the claims of the '010 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

46. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '010 patent are invalid.

### NINTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF
### U.S. PAT. NO. 6,209,010 B1

47. EFI realleges and incorporates the allegations of paragraphs 1 through 46.

48. The '010 patent is unenforceable.

49. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '010 patent is unenforceable.

### TENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PAT. NO. 6,381,028 B1

50. EFI realleges and incorporates the allegations of paragraphs 1 through 49.

51. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 6,381,028 B1 ("the '028 patent").

52. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a

declaratory judgment that it does not infringe the '028 patent and further that K-M's utilization of EFI's Fiery® print controllers does not infringe the '028 patent.

### ELEVENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 6,381,028 B1

53. EFI realleges and incorporates the allegations of paragraphs 1 through 52.

54. One or more of the claims of the '028 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

55. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '028 patent are invalid.

### TWELFTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 6,381,028 B1

56. EFI realleges and incorporates the allegations of paragraphs 1 through 55.

57. The '028 patent is unenforceable.

58. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '028 patent is unenforceable.

### THIRTEENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 6,487,568 B1

59. EFI realleges and incorporates the allegations of paragraphs 1 through 58.

60. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 6,487,568 B1 ("the '568 patent").

61. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a

1  declaratory judgment that it does not infringe the '568 patent and further that K-M's utilization of
2  EFI's Fiery® print controllers does not infringe the '568 patent.

### FOURTEENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 6,487,568 B1

62. EFI realleges and incorporates the allegations of paragraphs 1 through 61.

63. One or more of the claims of the '568 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

64. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '568 patent are invalid.

### FIFTEENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 6,487,568 B1

65. EFI realleges and incorporates the allegations of paragraphs 1 through 64.

66. The '568 patent is unenforceable.

67. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '568 patent is unenforceable.

### SIXTEENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 6,599,325 B2

68. EFI realleges and incorporates the allegations of paragraphs 1 through 67.

69. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 6,599,325 B2 ("the '325 patent").

70. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a

declaratory judgment that it does not infringe the '325 patent and further that K-M's utilization of EFI's Fiery® print controllers does not infringe the '325 patent.

### SEVENTEENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 6,599,325 B2

71. EFI realleges and incorporates the allegations of paragraphs 1 through 70.

72. One or more of the claims of the '325 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

73. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '325 patent are invalid.

### EIGHTEENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF
### U.S. PAT. NO. 6,599,325 B2

74. EFI realleges and incorporates the allegations of paragraphs 1 through 73.

75. The '325 patent is unenforceable.

76. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '325 patent is unenforceable.

### NINETEENTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF
### U.S. PAT. NO. 6,687,016 B2

77. EFI realleges and incorporates the allegations of paragraphs 1 through 76.

78. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 6,687,016 B2 ("the '016 patent").

79. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a

declaratory judgment that it does not infringe the '016 patent and further that K-M's utilization of EFI's Fiery® print controllers does not infringe the '016 patent.

### TWENTIETH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 6,687,016 B2

80. EFI realleges and incorporates the allegations of paragraphs 1 through 79.

81. One or more of the claims of the '016 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

82. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '016 patent are invalid.

### TWENTY-FIRST CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 6,687,016 B2

83. EFI realleges and incorporates the allegations of paragraphs 1 through 82.

84. The '016 patent is unenforceable.

85. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '016 patent is unenforceable.

### TWENTY-SECOND CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PAT. NO. 6,771,387 B2

86. EFI realleges and incorporates the allegations of paragraphs 1 through 85.

87. EFI has not infringed, directly, literally, by equivalence, by inducement, contributorily, or otherwise, any valid claim of United States Patent No. 6,771,387 B2 ("the '387 patent").

88. To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a

1  declaratory judgment that it does not infringe the '387 patent and further that K-M's utilization of
2  EFI's Fiery® print controllers does not infringe the '387 patent.

### TWENTY-THIRD CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PAT. NO. 6,771,387 B2

89.  EFI realleges and incorporates the allegations of paragraphs 1 through 88.

90.  One or more of the claims of the '387 patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. § 101, et seq., including without limitation the requirements in 35 U.S.C. §§ 101, 102, 103, and/or 112.

91.  To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that one or more of the claims of the '387 patent are invalid.

### TWENTY-FOURTH CLAIM OF RELIEF
### DECLARATORY JUDGMENT OF UNENFORCEABILITY OF U.S. PAT. NO. 6,771,387 B2

92.  EFI realleges and incorporates the allegations of paragraphs 1 through 91.

93.  The '387 patent is unenforceable.

94.  To resolve the legal and factual questions raised by Tesseron and to afford relief from the uncertainty and controversy which Tesseron's accusations have precipitated, EFI is entitled to a declaratory judgment that the '387 patent is unenforceable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff EFI prays the Court enter judgment in its favor and against Tesseron as follows:

A.  Determine and declare that the claims of the '665, '153, '010, '028, '568, '325, '016, and/or '387 patents are not infringed by EFI ;

B.  Determine and declare that the '665, '153, '010, '028, '568, '325, '016, or '387 patents are invalid;

1  C.  Determine and declare that the '665, '153, '010, '028, '568, '325, '016, and/or '387
2  patents are unenforceable;

3  D.  A preliminary and permanent injunction barring Tesseron and its officers, agents,
4  servants, employees and attorneys, alter egos and their successors and assigns, as well as those persons
5  in active concert or participation with them who receive actual notice of the judgment, from: (a)
6  charging EFI, its suppliers, vendors, customers, or users of the Fiery® FreeForm, Fiery® FreeForm 2
7  software or Fiery® print controllers with infringement of the '665, '153, '010, '028, '568, '325, '016,
8  or '387 patents; and (b) from threatening to bring or bringing a lawsuit against EFI, its suppliers,
9  vendors, customers, or users of the Fiery® FreeForm, Fiery® FreeForm 2 software or Fiery® print
10 controllers for infringement of the '665, '153, '010, '028, '568, '325, '016, or '387 patents;

11 E.  A finding that this is an exceptional case under 35 U.S.C. § 285 and an award of EFI's
12 attorney fees;

13 F.  An award of EFI's costs incurred in this action; and,

14 G.  Such other and further relief as the Court deems just and proper.

16 Dated: October 30, 2007

Respectfully submitted,

ELECTRONICS FOR IMAGING, INC.
By its Attorneys,

By: /s/ Russell Hill

Russell B. Hill (State Bar No. 190070)
Jesse D. Mulholland (State Bar No. 222393)
Elizabeth Yang (State Bar No. 249713)
Howrey LLP
2020 Main Street, Suite 1000
Irvine, California 92614-8200
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
Email: hillr@howrey.com
       mulhollandj@howrey.com
       yange@howrey.com

Attorneys for Plaintiff
ELECTRONICS FOR IMAGING, INC.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

Dated: October 30, 2007

Respectfully submitted,

ELECTRONICS FOR IMAGING, INC.
By its Attorneys,

By: *[signature]*

Russell B. Hill (State Bar No. 190070)
Jesse D. Mulholland (State Bar No. 222393)
Elizabeth Yang (State Bar No. 249713)
Howrey LLP
2020 Main Street, Suite 1000
Irvine, California 92614-8200
Telephone: (949) 721-6900
Facsimile: (949) 721-6910
Email: hillr@howrey.com
    mulhollandj@howrey.com
    yange@howrey.com

Attorneys for Plaintiff
ELECTRONICS FOR IMAGING, INC.