Exhibit P

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **TESSERON, LTD.,** | ) | **CIVIL ACTION NO.** |
| **an Ohio Limited Liability Company** | ) | |
| **8792 Mainesville Road** | ) | **JUDGE** |
| **Mainesville, Ohio 45039,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **KONICA MINOLTA BUSINESS** | ) | |
| **SOLUTIONS U.S.A., INC.,** | ) | |
| **c/o CSC-Lawyers Incorporating Service,** | ) | |
| **Statutory Agent** | ) | |
| **50 W. Broad St, Suite 1800** | ) | |
| **Columbus, Ohio 43215** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **KONICA MINOLTA BUSINESS** | ) | |
| **TECHNOLOGIES, INC.,** | ) | |
| **1-6-1 Marunouchi** | ) | |
| **Chiyoda-ku Tokyo 100-0005** | ) | **COMPLAINT FOR PATENT** |
| **Japan** | ) | **INFRINGEMENT** |
| | ) | |
| **and** | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| **KONICA MINOLTA HOLDINGS, INC.,** | ) | |
| **Marunouchi Center Building** | ) | |
| **1-6-1 Marunouchi** | ) | |
| **Chiyoda-ku, Tokyo, 100-0005** | ) | |
| **Japan** | ) | |
| | ) | |
| **Defendants.** | | |

---

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the laws of the United

States, 35 U.S.C. section 1, *et seq.* Jurisdiction and venue in this district are based upon the

provisions of 28 U.S.C. §§ 1331, 1338 (a), 35 U.S.C. § 281 and 28 U.S.C. §§ 1391 and 1400 (b).

## PARTIES

2.      Plaintiff Tesseron, Ltd. ("Tesseron") is an Ohio Limited Liability Company, with its place of business in Mainesville, Ohio.

3.      Upon information and belief, Defendant Konica Minolta Business Solutions U.S.A., Inc. ("Konica Minolta U.S.A.") is a New York Corporation with its principal place of business at 101 Williams Drive, Ramsey, New Jersey, whose Statutory Agent is CSC-Lawyers Incorporating Service, 50 W. Broad St., Suite 1800 Columbus, Ohio 43215.

4.      Upon information and belief, Defendant Konica Minolta Business Technologies, Inc. (Konica Minolta Technologies) is a company existing under the laws of Japan with its principal place of business at Marunouchi Center Building, 1-6-1 Marunouchi, Chiyoda-ku, Tokyo 100-0005, Japan.

5.      Upon information and belief, Defendant Konica Minolta Holdings, Inc. ("Konica Minolta Holdings") is a company existing under the laws of Japan with its principal place of business at Marunouchi Center Building, 1-6-1 Marunouchi, Chiyoda-ku, Tokyo 100-0005, Japan.

6.      Upon information and belief, Konica Minolta U.S.A. is a wholly owned subsidiary of Konica Minolta Holdings.

7.      Upon information and belief, Konica Minolta Technologies is a wholly owned subsidiary of Konica Minolta Holdings.

8.      Upon information and belief, Defendants Konica Minolta U.S.A., Konica Minolta Technologies, and Konica Minolta Holdings (collectively "Defendants") have done and continue to do business in this Judicial District.

9.    Upon information and belief, Defendants make, use, sell, offer to sell and/or import for sale into the United States Konica Minolta C351, C450, C500 and C6500 variable-enabled printing systems, which utilize EFI Fiery and/or Creo variable enabled printer controllers.

## FIRST CLAIM FOR RELIEF FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,729,665

10.    Tesseron incorporates by reference Paragraphs 1 through 9 of the Complaint as if fully rewritten herein.

11.    On March 17, 1998, United States Patent No. 5,729,665 ("the '665 patent") entitled "Method of Utilizing Variable Data Fields with a Page Description Language" was duly and legally issued to Varis Corporation.  A true and correct copy of the '665 patent is attached as Tesseron's Exhibit 1 to the Complaint and incorporated herein by reference.

12.    On May 24, 2001, the '665 patent was assigned from Varis Corporation to Tesseron.  Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233.  A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

13.    Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '665 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '665

patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C351, C450, C500 and C6500 variable-enabled printing systems, which utilize EFI Fiery and/or Creo variable enabled printer controllers.

14.     Defendants were first placed on notice by Tesseron of the '665 patent by a letter dated September 11, 2002, and addressed to Mr. Yasua Matsumoto. A true and correct copy of the September 11, 2002 letter is attached as Tesseron's Exhibit 3 to the Complaint and incorporated herein by reference.

15.     Upon information and belief, Defendants' infringement of claim(s) of the '665 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

16.     As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

## SECOND CLAIM FOR RELIEF FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 5,937,153

17.     Tesseron incorporates by reference Paragraphs 1 through 16 of the Complaint as if fully rewritten herein.

18.     On August 10, 1999, United States Patent No. 5,937,153 ("the '153 patent") entitled "Method of Utilizing Variable Data Fields with a Page Description Language" was duly and legally issued to Varis Corporation. A true and correct copy of the '153 patent is attached as Tesseron's Exhibit 4 to the Complaint and incorporated herein by reference.

19.     On May 24, 2001, the '153 patent was assigned from Varis Corporation to Tesseron. Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233. A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

20.     Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '665 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '153 patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C351, C450, C500 and C6500 variable-enabled printing systems, which utilize EFI Fiery and/or Creo variable enabled printer controllers.

21.     Defendants were first placed on notice by Tesseron of the '153 patent by a letter dated September 11, 2002, and addressed to Mr. Yasua Matsumoto. A true and correct copy of the September 11, 2002 letter is attached as Tesseron's Exhibit 3 to the Complaint and incorporated herein by reference.

22.     Upon information and belief, Defendants' infringement of claim(s) of the '153 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

23.     As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

### THIRD CLAIM FOR RELIEF FOR INFRINGEMENT
### OF UNITED STATES PATENT NO. 6,209,010 B1

24.     Tesseron incorporates by reference Paragraphs 1 through 23 of the Complaint as if fully rewritten herein.

25.     On March 27, 2001, United States Patent No. 6,209,010 B1 ("the '010 patent") entitled "Computer Implemented Method for Wrapping Data to an Arbitrary Path Defined by a Page Description Language" was duly and legally issued to Varis Corporation. A true and correct copy of the '010 patent is attached as Tesseron's Exhibit 5 to the Complaint and incorporated herein by reference.

26.     On May 24, 2001, the '010 patent was assigned from Varis Corporation to Tesseron. Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233. A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

27.     Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '010 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '665 patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C500 and C6500 variable-enabled printing systems, which utilize Creo variable enabled printer controllers.

28.    Defendants were first placed on notice by Tesseron of the '010 patent by a letter dated September 11, 2002, and addressed to Mr. Yasua Matsumoto.  A true and correct copy of the September 11, 2002 letter is attached as Tesseron's Exhibit 3 to the Complaint and incorporated herein by reference.

29.    Upon information and belief, Defendants' infringement of claim(s) of the '010 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

30.    As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

## FOURTH CLAIM FOR RELIEF FOR INFRINGEMENT OF UNITED STATES PATENT NO. 6,381,028 B1

31.    Tesseron incorporates by reference Paragraphs 1 through 30 of the Complaint as if fully rewritten herein.

32.    On April 30, 2002, United States Patent No. 6,381,028 B1 ("the '028 patent") entitled "Method of Utilizing Variable Data Fields with a Page Description Language" was duly and legally issued to Tesseron.  A true and correct copy of the '028 patent is attached as Tesseron's Exhibit 6 to the Complaint and incorporated herein by reference.

33.    On May 24, 2001, the '028 patent (then pending application U.S. Ser. No. 09/299,502) was assigned from Varis Corporation to Tesseron.  Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233.  A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

34.    Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '028 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '028 patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C351, C450, C500 and C6500 variable-enabled printing systems, which utilize EFI Fiery and/or Creo variable enabled printer controllers.

35.    Defendants were first placed on notice by Tesseron of the '028 patent by a letter dated September 11, 2002 and addressed to Mr. Yasua Matsumoto.  A true and correct copy of the September 11, 2002 letter is attached as Tesseron's Exhibit 3 to the Complaint and incorporated herein by reference.

36.    Upon information and belief, Defendants' infringement of claim(s) of the '028 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

37.    As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

## FIFTH CLAIM FOR RELIEF FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,487,568 B1

38.    Tesseron incorporates by reference Paragraphs 1 through 37 of the Complaint as if fully rewritten herein.

39.    On November 26, 2002, United States Patent No. 6,487,568 B1 ("the '568 patent") entitled "Computer Implemented Method for Wrapping Data to an Arbitrary Path Defined by a Page Description Language" was duly and legally issued to Tesseron. A true and correct copy of the '568 patent is attached as Tesseron's Exhibit 7 to the Complaint and incorporated herein by reference.

40.    On May 24, 2001, the '568 patent (then pending application U.S. Ser. No. 09/299,502) was assigned from Varis Corporation to Tesseron. Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233. A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

41.    Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '568 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '568 patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C500 and C6500 variable-enabled printing systems, which utilize Creo variable enabled printer controllers.

42.    Defendants were first placed on notice by Tesseron of the '568 patent by a letter dated April 4, 2003 and addressed to Mr. Yasua Matsumoto. A true and correct copy of the April 4, 2003 letter is attached as Tesseron's Exhibit 8 to the Complaint and incorporated herein by reference.

43.     Upon information and belief, Defendants' infringement of claim(s) of the '568 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

44.     As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

## SIXTH CLAIM FOR RELIEF FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,599,325 B2

45.     Tesseron incorporates by reference Paragraphs 1 through 44 of the Complaint as if fully rewritten herein.

46.     On July 29, 2003, United States Patent No. 6,599,325 B2 ("the '325 patent") entitled "Computer Implemented Method for Wrapping Data to an Arbitrary Path Defined by a Page Description Language" was duly and legally issued to Tesseron.  A true and correct copy of the '325 patent is attached as Tesseron's Exhibit 9 to the Complaint and incorporated herein by reference.

47.     On May 24, 2001, the '325 patent (as a yet un-filed continuation of the '568 and '010 patents) was assigned from Varis Corporation to Tesseron.  Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233.  A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

48.     Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '325 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '325 patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C500 and C6500 variable-enabled printing systems, which utilize Creo variable enabled printer controllers.

49.     Defendants were first placed on notice by Tesseron of the '325 patent by a letter dated April 18, 2005 and addressed to Joseph M. Bonassar.  A true and correct copy of the April 18, 2005 letter is attached as Tesseron's Exhibit 10 to the Complaint and incorporated herein by reference.

50.     The U.S. patent application for the '325 patent was published by the U.S. Patent and Trademark Office on March 13, 2003 as US 2003/0050934 A1 ("the '934 published application") .  A true and correct copy of the '934 published application is attached as Tesseron's Exhibit 11 to the Complaint and incorporated herein by reference.

51.     Defendants were first placed on notice by Tesseron of the '934 published application by a letter dated April 4, 2003 and addressed to Mr. Yasua Matsumoto.  A true and correct copy of the April 4, 2003 letter is attached as Tesseron's Exhibit 8 to the Complaint and incorporated herein by reference.

52.     Upon information and belief, Defendants' infringement of claim(s) of the '325 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

53.     As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

## SEVENTH CLAIM FOR RELIEF FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,687,016 B2

54.     Tesseron incorporates by reference Paragraphs 1 through 53 of the Complaint as if fully rewritten herein.

55.     On February 3, 2004, United States Patent No. 6,687,016 B2 ("the '016 patent") entitled "Method of Utilizing Variable Data Fields with a Page Description Language" was duly and legally issued to Tesseron. A true and correct copy of the '016 patent is attached as Tesseron's Exhibit 12 to the Complaint and incorporated herein by reference.

56.     On May 24, 2001, the '016 patent (as a yet un-filed continuation of the '153 and '028 patents) was assigned from Varis Corporation to Tesseron. Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233. A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

57.     Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '016 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '016

patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C351, C450, C500 and C6500 variable-enabled printing systems, which utilize EFI Fiery and/or Creo variable enabled printer controllers.

58.     Defendants were first placed on notice by Tesseron of the '325 patent by a letter dated April 18, 2005 and addressed to Joseph M. Bonassar.  A true and correct copy of the April 18, 2005 letter is attached as Tesseron's Exhibit 10 to the Complaint and incorporated herein by reference.

59.     The U.S. patent application for the '016 patent was published by the U.S. Patent and Trademark Office on July 11, 2002 as US 2002/0089681 A1 ("the '681 published application") .  A true and correct copy of the '681 published application is attached as Tesseron's Exhibit 13 to the Complaint and incorporated herein by reference.

60.     Defendants were first placed on notice by Tesseron of the '681 published application by a letter dated September 11, 2002 and addressed to Mr. Yasua Matsumoto.  A true and correct copy of the September 11, 2002 letter is attached as Tesseron's Exhibit 3 to the Complaint and incorporated herein by reference.

61.     Upon information and belief, Defendants' infringement of claim(s) of the '016 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

62.     As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

## EIGHTH CLAIM FOR RELIEF FOR INFRINGEMENT
## OF UNITED STATES PATENT NO. 6,771,387 B2

63.    Tesseron incorporates by reference Paragraphs 1 through 62 of the Complaint as if fully rewritten herein.

64.    On August 3, 2004, United States Patent No. 6,771,387 B2 ("the '387 patent") entitled "Method of Utilizing Variable Data Fields with a Page Description Language" was duly and legally issued to Tesseron.  A true and correct copy of the '387 patent is attached as Tesseron's Exhibit 14 to the Complaint and incorporated herein by reference.

65.    On May 24, 2001, the '387 patent (as a yet un-filed continuation of the '153 and '028 patents) was assigned from Varis Corporation to Tesseron.  Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001 at reel/frame 011944/0233.  A true and correct copy of the duly executed assignment document is attached as Tesseron's Exhibit 2 to the Complaint and incorporated herein by reference.

66.    Upon information and belief, Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '387 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '387 patent, including but not limited to making, using, selling, offering to sell and/or importing for sale into the United States the Konica Minolta C500 and C6500 variable-enabled printing systems, which utilize Creo variable enabled printer controllers.

67.    The U.S. patent application for the '387 patent was published by the U.S. Patent and Trademark Office on September 5, 2002 as US 2002/122205 A1 ("the '205 published application") .  A true and correct copy of the '205 published application is attached as Tesseron's Exhibit 15 to the Complaint and incorporated herein by reference.

{K0371985.1}                                          14

68.    Defendants were first placed on notice by Tesseron of the '205 published application by a letter dated September 11, 2002, and addressed to Mr. Yasua Matsumoto. A true and correct copy of the September 11, 2002 letter is attached as Tesseron's Exhibit 3 to the Complaint and incorporated herein by reference.

69.    Upon information and belief, Defendants' infringement of claim(s) of the '205 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

70.    As a result of Defendants' actions, Tesseron has suffered and continues to suffer substantial injury, including irreparable injury and damages, including loss of sales and profits, which Tesseron would have made but for the infringement by Defendants, unless Defendants are preliminarily and/or permanently enjoined by this Court.

## DEMAND FOR JUDGMENT

WHEREFORE, Tesseron prays for judgment as follows:

1.    That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 5,729,665.

2.    That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 5,729,665.

3.    An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 5,729,665, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to

Tesseron, together with prejudgment and post-judgment interest.

4.      That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 5,937,153.

5.      That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 5,937,153.

6.      An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 5,937,153, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest.

7.      That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 6,209,010 B1.

8.      That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 6,209,010 B1.

9.      An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 6,209,010 B1, and that the damages be trebled pursuant

to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest.

   10. That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 6,381,028 B1.

   11. That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 6,381,028 B1.

   12. An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 6,381,028 B1, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest.

   13. That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 6,487,568 B1.

   14. That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 6,487,568 B1.

15.    An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 6,487,568 B1, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest.

16.    That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 6,599,325 B2.

17.    That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 6,599,325 B2.

18.    An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 6,599,325 B2, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest.

19.    That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 6,687,016 B2.

20.    That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing

others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 6,687,016 B2.

21.    An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 6,687,016 B2, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest.

22.    That Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed claim(s) of United States Patent No. 6,771,387 B2.

23.    That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of United States Patent No. 6,771,387 B2.

24.    An accounting be had for the profits and other damages arising out of Defendants' infringement of United States Patent No. 6,771,387 B2 together with prejudgment and post-judgment interest.

25.    That Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from making, using, selling, offering for sale and/or importing for sale into the United States, Konica Minolta C351, C450, C500 and C6500 variable-enabled printing systems, which utilize EFI Fiery and/or Creo variable enabled

printer controllers

      26.     That this case be decreed an "exceptional case" within the meaning of 25 U.S.C. §

285 and reasonable attorneys' fees be awarded to Tesseron

      27.     That Tesseron be awarded such other costs and further relief as the Court deems

just and proper.

### <u>DEMAND FOR JURY TRIAL</u>

Tesseron demands a trial by jury on the causes of action set forth herein.

Respectfully submitted,

*/s/ Stephen H. Jett*
Stephen M. O'Bryan (0009512)
sobryan@taftlaw.com
David H. Wallace (0037210)
dwallace@taftlaw.com
Stephen H. Jett
sjett@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838;
(216) 241-3707 (Facsimile)

L. Clifford Craig (0024859)
craigc@taftlaw.com
Kevin W. Kirsch (Pro Hac Vice)
kirsch@taftlaw.com
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 (Facsimile)

*Counsel for Plaintiff, Tesseron, Ltd.*