Exhibit Q

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

TESSERON, LTD.,
an Ohio Limited Liability Company
8792 Mainesville Road
Mainesville, Ohio 45039,

        Plaintiff,

    vs.

KONICA MINOLTA BUSINESS
SOLUTIONS U.S.A., INC.,
c/o CSC-Lawyers Incorporating Service
Statutory Agent
50 W. Broad St., Suite 1800
Columbus, Ohio 43215

and

KONICA MINOLTA BUSINESS
TECHNOLOGIES, INC.,
1-6-1 Marunouchi
Chiyoda-ku Tokyo 100-0005
Japan

and

KONICA MINOLTA HOLDINGS, INC.,
Marunouchi Center Building
1-6-1 Marunouchi
Chiyoda-ku, Tokyo 100-0005
Japan

and

ELECTRONICS FOR IMAGING, INC.,
303 Velocity Way
Foster City, California 94404.

and

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 1:07CV2947

JUDGE KATHLEEN M. O'MALLEY

**FIRST AMENDED COMPLAINT**
**FOR PATENT INFRINGEMENT**

**(DEMAND FOR JURY TRIAL)**

| | |
|---|---|
| **RICOH AMERICAS CORP.,** | ) |
| c/o CT Corporation System | ) |
| **Statutory Agent** | ) |
| **1300 E. 9th St.** | ) |
| **Cleveland, Ohio 44114** | ) |
| | ) |
| **and** | ) |
| | ) |
| **RICOH COMPANY, LTD.,** | ) |
| **Ricoh Building** | ) |
| **8-13-1 Ginza** | ) |
| **Chuo-ku, Tokyo 104-8222** | ) |
| **Japan** | ) |
| | ) |
| **Defendants.** | ) |

Plaintiff Tesseron, Ltd. ("Tesseron"), for its claims against Defendants Electronics for

Imaging, Inc. ("EFI"), Ricoh Americas Corporation ("Ricoh Americas"), Ricoh Company, Ltd.

('Ricoh Company"), Konica Minolta Business Solutions U.S.A., Inc. ("Konica Minolta U.S.A."),

Konica Minolta Business Technologies, Inc. ("Konica Minolta Business Technologies"), and

Konica Minolta Holdings, Inc. ("Konica Minolta Holdings"), alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the laws of the United

States, 35 U.S.C. Section 1, et seq.  Jurisdiction and venue in this district are based upon the

provisions of 28 U.S.C. §§ 1331, 1338 (a), 35 U.S.C. § 281 and 28 U.S.C. §§ 1391 and 1400(b).

## PARTIES

A.     **Tesseron.**

2.     Tesseron is an Ohio limited liability company, with its place of business in

Mainesville, Ohio.

**B.     EFI.**

3.     Upon information and belief, EFI is a Delaware corporation with its principal

place of business at 303 Velocity Way, Foster City, California 94404.

4.     Upon current information and belief, EFI makes, uses, sells, offers to sell and/or

imports for sale into the United States its Fiery print controllers, including, but not limited to, the

EFI/Fiery X3e+,  EFI/Fiery ES300, EFI/CN3102e (Fiery X3e+), EFI/IC-402 (Fiery X3e+),

EFI/IC-407, EFI/IC-402 (Fiery X3e+), EFI/IC-406, EFI/IC-405 (Fiery X3e), EFI/IC-408 (Fiery

X3e TY2), EFI/System 8e, IC-408 (Fiery), IC-409 (Fiery), EFI/Fiery X3e+, EFI/EB-105e,

EFI/EB-105EX, EFI/EB-135, Fiery E-7000, Fiery E-8000, Fiery E-310, Fiery E-300, Fiery E-

750, Fiery E-850, Fiery E-650, Fiery E-800, Fiery E-700, Fiery E-710, Fiery E-810, Fiery E-820,

and EFI/Fiery color digital print.

5.     Upon information and belief, in addition to selling its own products, EFI sells

variable data printing components to other original equipment manufacturers ("OEM's"),

including, but not limited to, Konica Minolta U.S.A., Konica Minolta Business Technologies,

Konica Minolta Holdings, Ricoh Americas, and Ricoh Company, which incorporate EFI's

components into their digital printing equipment.

6.     Upon information and belief, EFI has done and continues to do business in this

Judicial District.

**C.     The Konica Defendants.**

7.     Upon information and belief, Konica Minolta U.S.A. is a New York corporation

with its principal place of business at 101 Williams Drive, Ramsey, New Jersey 07446.

8.    Upon information and belief, Konica Minolta Business Technologies is a company existing under the laws of Japan with its principal place of business at Marunouchi Center Building, 1-6-1 Marunouchi, Chiyoda-ku, Tokyo 100-0005, Japan.

9.    Upon information and belief, Konica Minolta Holdings is a company existing under the laws of Japan with its principal place of business at Marunouchi Center Building, 1-6-1 Marunouchi, Chiyoda-ku, Tokyo 100-0005, Japan.

10.    Upon information and belief, Konica Minolta U.S.A. is a wholly-owned subsidiary of Konica Minolta Holdings.

11.    Upon information and belief, Konica Minolta Business Technologies is a wholly-owned subsidiary of Konica Minolta Holdings.

12.    Upon current information and belief, Konica Minolta U.S.A., Konica Minolta Business Technologies, and Konica Minolta Holdings (collectively the "Konica Defendants") make, use, sell, offer to sell and/or import for sale into the United States variable-enabled printing systems, including, but not limited to, the Bizhub C300, Bizhub C351, Bizhub C352, Bizhub C450, Bizhub C500, Bizhub C550, Bizhub PRO C500, Bizhub PRO C5500, Bizhub PRO C6500, CF1501, CF2001, CF3102, CF3120, CM3120, cm4520, CF8050, CF9001, CPP500, CS220, KM-C2520, and Business PRO 500c.

13.    Upon information and belief, the Konica Defendants have done and continue to do business in this Judicial District.

D.    **The Ricoh Defendants.**

14.    Upon information and belief, Ricoh Americas is a Delaware corporation with its principal place of business at 5 Dedrick Place, West Caldwell, New Jersey 07006.

15.    Upon information and belief, Ricoh Company is a company existing under the laws of Japan with its principal place of business at Ricoh Building, 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222, Japan.

16.    Upon information and belief, Ricoh Americas is a wholly-owned subsidiary of Ricoh Company.

17.    Upon current information and belief, Ricoh Americas and Ricoh Company (collectively the "Ricoh Defendants") make, use, sell, offer to sell and/or import for sale into the United States variable-enabled printing systems, including, but not limited to, the Aficio 1050, Aficio 1085, Aficio 1105, Aficio 3260C, Aficio 5560, Aficio 6513, Aficio 3506, Aficio 4506, Aficio 3131, Aficio 3121, Aficio 2090, Aficio 2105, Aficio 8513, Ricoh Aficio MP9000, Ricoh Aficio MP1100, Ricoh Aficio MP1350, MP C2500, MP C3000, MP C3500, MP C4500, Aficio 6513, Aficio 3506, Aficio 3006, Aficio 3121, Aficio 3131, Aficio 3506, Aficio 4006, Aficio 4106, Aficio 4506, Aficio 6010, Aficio 6110, Aficio 6510, and Aficio Color 5560.

18.    Upon information and belief, the Ricoh Defendants have done and continue to do business in this Judicial District.

## FIRST CLAIM FOR RELIEF FOR INFRINGEMENT OF UNITED STATES PATENT NO. 6,381,028 B1

19.    Tesseron incorporates by reference Paragraphs 1 through 18 of the Amended Complaint as if fully rewritten herein.

20.    On April 30, 2002, United States Patent No. 6,381,028 B1 ("the '028 patent") entitled "Method of Utilizing Variable Data Fields with a Page Description Language" was duly and legally issued to Tesseron.

21.    On May 24, 2001, the '028 patent (then pending application U.S. Ser. No. 09/299,502) was assigned from Varis Corporation to Tesseron. Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001, at reel/frame 011944/0233.

**A.    EFI.**

22.    Upon current information and belief, EFI has infringed and continues to infringe, has actively induced and currently is actively inducing others to infringe, and/or has contributorily infringed and currently is contributorily infringing at least one claim of the '028 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '028 patent, including, but not limited to, the following print controllers that are capable of processing PPML and/or VPS for variable data printing: EFI/Fiery X3e+, EFI/Fiery ES300, EFI/CN3102e (Fiery X3e+), EFI/IC-402 (Fiery X3e+), EFI/IC-407, EFI/IC-402 (Fiery X3e+), EFI/IC-406, EFI/IC-405 (Fiery X3e), EFI/IC-408 (Fiery X3e TY2), EFI/System 8e, IC-408 (Fiery), IC-409 (Fiery), EFI/Fiery X3e+, EFI/EB-105e, EFI/EB-105EX, EFI/EB-135, Fiery E-7000, Fiery E-8000, Fiery E-310, Fiery E-300, Fiery E-750, Fiery E-850, Fiery E-650, Fiery E-800, Fiery E-700, Fiery E-710, Fiery E-810, Fiery E-820, and EFI/Fiery color digital print.

23.    EFI was first placed on notice by Tesseron of the '028 patent by a letter dated September 11, 2002, and addressed to Mr. Guy Gecht.

24.    Upon information and belief, EFI's infringement of claim(s) of the '028 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

{K0388857.1}                                    6

25.     As a result of the actions of EFI, Tesseron has suffered and will continue to suffer substantial injury, including irreparable harm and damages, and loss of sales and profits that Tesseron would have made but for the infringement by EFI, unless EFI is preliminarily and/or permanently enjoined by this Court.

**B.     The Konica Defendants.**

26.     Upon current information and belief, the Konica Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '028 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '028 patent, including, but not limited to, the following variable-enabled printing systems:

    a.     **Konica Minolta Models** (Bizhub C300, Bizhub C351, Bizhub C352, Bizhub C450, Bizhub C500, Bizhub C550, Bizhub PRO C500, Bizhub PRO C5500, Bizhub PRO C6500, CF1501, CF2001, CF3102, CM3120, cm4520, CF8050, CF9001, CPP500, CS220, KM-C2520 and BusinessPRO 500c) **which process PPML for variable data printing jobs using EFI Digital Front Ends** (EFI/Fiery X3e, EFI/Fiery ES300, EFI/CN3102e (Fiery X3e+), EFI/IC-402 (Fiery X3e+), EFI/IC-407, EFI/IC-402 (Fiery X3e+), EFI/IC-406, EFI/IC-405 (Fiery X3e), EFI/IC-408 (Fiery X3e TY2), EFI/System 8e), including:

        i.     Bizhub C300 with EFI/IC-407 or EFI/IC-406;

        ii.     Bizhub C351 with EFI/IC-402 (Fiery X3e+);

        iii.     Bizhub C352 with EFI/IC-406;

        iv.     Bizhub C450 with EFI/IC-402 (Fiery X3e+);

        v.     Bizhub C550 with IC-409 (Fiery);

      vi.     Bizhub PRO C500 with EFI/IC-405 (Fiery X3e);

      vii.    Bizhub PRO C5500 with IC-408 (Fiery);

      viii.   Bizhub PRO C6500 with EFI/IC-408 (Fiery X3e TY2);

      ix.     BusinessPRO 500c with EFI/Fiery X3e+;

      x.      CM3120 with EFI/IC-405 (Fiery X3e);

      xi.     cm4520 with EFI/Fiery X3e+;

      xii.    CPP 500 with EFI/Fiery ES300 or EFI/System 8e;

      xiii.   CS220 with EFI/CN3102e (Fiery X3e+); and

      xiv.   KM-C2520 with EFI/IC-402 (Fiery X3e+).

    b.    **Konica Minolta Models (BusinessPRO 500c) which process VPS for variable data printing jobs using EFI Digital Front Ends** (EFI/Fiery X3e+).

    c.    **Konica Minolta models** (Bizhub PRO C500, Bizhub PRO C6500, CPP500, and BusinessPRO 500c) **which process VPS for variable data printing jobs using Kodak (Creo) Digital Front Ends** (Creo/IC-301, Creo/IC-304), including:

      i.      Bizhub PRO C500 with Creo/IC-301;

      ii.     Bizhub PRO C6500 with Creo/IC-304; and

      iii.    CPP500 with Creo/PowerPro 500.

    27.    The Konica Defendants were first placed on notice by Tesseron of the '028 patent by a letter dated September 11, 2002, and addressed to Mr. Yasua Matsumoto.

    28.    Upon information and belief, the Konica Defendants' infringement of claim(s) of the '028 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

29.    As a result of the actions of the Konica Defendants, Tesseron has suffered and will continue to suffer substantial injury, including irreparable harm and damages, and loss of sales and profits that Tesseron would have made but for the infringement by the Konica Defendants, unless the Konica Defendants are preliminarily and/or permanently enjoined by this Court.

## C.    The Ricoh Defendants.

30.    Upon current information and belief, the Ricoh Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '028 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '028 patent, including but not limited to the following variable-enabled printing systems:

  a.    **Ricoh Models** (Aficio 1050, Aficio 1085, Aficio 1105, Aficio 3260C, Aficio 5560, Aficio 6513, Aficio 3506, Aficio 4506, Aficio 3131, Aficio 3121, Aficio 2090, Aficio 2105, Ricoh Aficio MP9000, Ricoh Aficio MP1100, Ricoh Aficio MP1350, MP C2500, MP C3000, MP C3500, MP C4500, Aficio 6513, Aficio 3506, Aficio 3006, Aficio 3121, Aficio 3131, Aficio 3506, Aficio 4006, Aficio 4106, Aficio 4506, Aficio 6010, Aficio 6110, Aficio 6510) **which process PPML for variable data printing jobs using EFI Digital Front Ends** (EFI/EB-105e, EFI/EB-105EX, EFI/EB-135, Fiery E-7000, Fiery E-8000, Fiery E-310, Fiery E-300, Fiery E-750, Fiery E-850, Fiery E-650, Fiery E-800, Fiery E-700, Fiery E-710, Fiery E-810, Fiery E-820 and EFI/Fiery color digital print), including:

    i.    Aficio 1085 with EFI/EB-105e;

    ii.    Aficio 2090 with EFI/EB-105EX;

    iii.    Aficio MP9000 with EFI/EB-135;

    iv.    Aficio 1050 with EFI/EB-105e;

    v.    Aficio 1105 with EFI/EB-105e;

    vi.     Aficio 2105 with EFI/EB-105EX;

    vii.    Aficio MP1100 with EFI/EB-135;

    viii.   Aficio MP1350 with EFI/EB-135;

    ix.     Aficio 3260C with Fiery E-7000 or Fiery E-8000;

    x.      Aficio Color 5560 with Fiery E-7000 or Fiery E-8000;

    xi.     Aficio 3506 with Fiery E-310;

    xii.    Aficio 3006 with Fiery E-300;

    xiii.   Aficio 3121 with Fiery E-750;

    xiv.   Aficio 3131 with Fiery E-750, E-850;

    xv.    Aficio 3506 with Fiery E-310;

    xvi.   Aficio 4006 with Fiery E-300;

    xvii.   Aficio 4106 with Fiery E-300;

    xviii.  Aficio 4506 with Fiery E-310;

    xix.   Aficio 6010 with Fiery E-650, E-800;

    xx.    Aficio 6110 with Fiery E-650, E-800;

    xxi.   Aficio 6510 with Fiery E-700;

    xxii.   Aficio 6513 with Fiery E-710, E-810, E-820;

    xxiii.  MP C2500 with EFI/Fiery color digital print;

    xxiv.  MP C3000 with EFI/Fiery color digital print;

    xxv.   MP C3500 with EFI/Fiery color digital print; and

    xxvi.  MP C4500 with EFI/Fiery color digital print.

    31.    The Ricoh Defendants were first placed on notice by Tesseron of the '028 patent by a letter dated September 11, 2002, and addressed to Mr. Masamitsu Sakuri.

32.     Upon information and belief, the Ricoh Defendants' infringement of claim(s) of the '028 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

33.     As a result of the actions of the Ricoh Defendants, Tesseron has suffered and will continue to suffer substantial injury, including irreparable harm and damages, and loss of sales and profits that Tesseron would have made but for the infringement by the Ricoh Defendants, unless the Ricoh Defendants are preliminarily and/or permanently enjoined by this Court.

## SECOND CLAIM FOR RELIEF FOR INFRINGEMENT OF UNITED STATES PATENT NO. 6,771,387 B2

34.     Tesseron incorporates by reference Paragraphs 1 through 33 of the Amended Complaint as if fully rewritten herein.

35.     On August 3, 2004, United States Patent No. 6,771,387 B2 ("the '387 patent") entitled "Method of Utilizing Variable Data Fields with a Page Description Language" was duly and legally issued to Tesseron.

36.     On May 24, 2001, the '387 patent (as a yet un-filed continuation of the '153 and '028 patents) was assigned from Varis Corporation to Tesseron. Said assignment was duly recorded in the U.S. Patent and Trademark Office on July 2, 2001, at reel/frame 011944/0233.

37.     The U.S. patent application for the '387 patent was published by the U.S. Patent and Trademark Office on September 5, 2002, as US 2002/122205 A1 ("the '205 published application").

A.    **EFI.**

38.    Upon current information and belief, EFI has infringed and continues to infringe, has actively induced and currently is actively inducing others to infringe, and/or has contributorily infringed and currently is contributorily infringing at least one claim of the '387 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '387 patent, including but not limited to the following printer controllers that are capable of processing PPML and/or VPS for variable data printing: EFI/Fiery X3e+, EFI/Fiery ES300, EFI/CN3102e (Fiery X3e+), EFI/IC-402 (Fiery X3e+), EFI/IC-407, EFI/IC-402 (Fiery X3e+), EFI/IC-406, EFI/IC-405 (Fiery X3e), EFI/IC-408 (Fiery X3e TY2), EFI/System 8e, IC-408 (Fiery), IC-409 (Fiery), EFI/Fiery X3e+, EFI/EB-105e, EFI/EB-105EX, EFI/EB-135, Fiery E-7000, Fiery E-8000, Fiery E-310, Fiery E-300, Fiery E-750, Fiery E-850, Fiery E-650, Fiery E-800, Fiery E-700, Fiery E-710, Fiery E-810, Fiery E-820, and EFI/Fiery color digital print.

39.    EFI was first placed on notice by Tesseron of the '205 published application by a letter dated September 11, 2002, and addressed to Mr. Guy Gecht.

40.    EFI was first placed on notice by Tesseron of the '387 patent by a letter dated February 8, 2005, and addressed to Mr. Guy Gecht.

41.    Upon information and belief, EFI's infringement of claim(s) of the '387 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

42.    As a result of the actions of EFI, Tesseron has suffered and will continue to suffer substantial injury, including irreparable harm and damages, and loss of sales and profits that

Tesseron would have made but for the infringement by EFI, unless EFI is preliminarily and/or

permanently enjoined by this Court.

**B.    The Konica Defendants.**

43.    Upon current information and belief, the Konica Defendants have infringed and

continue to infringe, have actively induced and currently are actively inducing others to infringe,

and/or have contributorily infringed and currently are contributorily infringing at least one claim

of the '387 patent in the United States by making, using, selling, offering to sell and/or importing

for sale into the United States products that embody the inventions described and claimed in the

'387 patent, including but not limited to the following variable-enabled printing systems:

    a.    **Konica Minolta Models** (Bizhub C300, Bizhub C351, Bizhub C352, Bizhub C450, Bizhub C500, Bizhub C550, Bizhub PRO C500, Bizhub PRO C5500, Bizhub PRO C6500, CF1501, CF2001, CF3102, CM3120, cm4520, CF8050, CF9001, CPP500, CS220, KM-C2520 and BusinessPRO 500c) **which process PPML for variable data printing jobs using EFI Digital Front Ends** (EFI/Fiery X3e+, Konica Minolta/CN 3101e, EFI/Fiery ES300, EFI/CN3102e (Fiery X3e+), EFI/IC-402 (Fiery X3e+), EFI/IC-407, EFI/IC-402 (Fiery X3e+), EFI/IC-406, EFI/IC-405 (Fiery X3e), EFI/IC-408 (Fiery X3e TY2), EFI/System 8e), including:

        i.    Bizhub C300 with EFI/IC-407 or EFI/IC-406;

        ii.    Bizhub C351 with EFI/IC-402 (Fiery X3e+);

        iii.    Bizhub C352 with EFI/IC-406;

        iv.    Bizhub C450 with EFI/IC-402 (Fiery X3e+);

        v.    Bizhub C550 with IC-409 (Fiery);

        vi.    Bizhub PRO C500 with EFI/IC-405 (Fiery X3e);

        vii.    Bizhub PRO C5500 with IC-408 (Fiery);

        viii.    Bizhub PRO C6500 with EFI/IC-408 (Fiery X3e TY2);

      ix.     BusinessPRO 500c with EFI/Fiery X3e+;

      x.     CM3120 with EFI/IC-405 (Fiery X3e);

      xi.     cm4520 with EFI/Fiery X3e+;

      xii.     CPP 500 with EFI/Fiery ES300 or EFI/System 8e;

      xiii.     CS220 with EFI/CN3102e (Fiery X3e+); and

      xiv.     KM-C2520 with EFI/IC-402 (Fiery X3e+).

    b.    **Konica Minolta Models** (BusinessPRO 500c) **which process VPS for variable data printing jobs using EFI Digital Front Ends** (EFI/Fiery X3e+).

    c.    **Konica Minolta models** (Bizhub PRO C500, Bizhub PRO C6500, CPP500, and BusinessPRO 500c) **which process VPS for variable data printing jobs using Kodak (Creo) Digital Front Ends** (Creo/IC-301, Creo/IC-304), including:

      i.     Bizhub PRO C500 with Creo/IC-301;

      ii.     Bizhub PRO C6500 with Creo/IC-304; and

      iii.     CPP500 with Creo/PowerPro 500.

44.    The Konica Defendants were first placed on notice by Tesseron of the '205 published application by a letter dated September 11, 2002, and addressed to Mr. Yasua Matsumoto.

45.    The Konica Defendants were first placed on notice by Tesseron of the '387 patent by a letter dated April 18, 2005, and addressed to Mr. Joseph M. Bonassar.

46.    Upon information and belief, the Konica Defendants' infringement of claim(s) of the '387 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

47.     As a result of the actions of the Konica Defendants, Tesseron has suffered and will continue to suffer substantial injury, including irreparable harm and damages, and loss of sales and profits that Tesseron would have made but for the infringement by the Konica Defendants, unless the Konica Defendants are preliminarily and/or permanently enjoined by this Court.

## C.     The Ricoh Defendants.

48.     Upon current information and belief, the Ricoh Defendants have infringed and continue to infringe, have actively induced and currently are actively inducing others to infringe, and/or have contributorily infringed and currently are contributorily infringing at least one claim of the '387 patent in the United States by making, using, selling, offering to sell and/or importing for sale into the United States products that embody the inventions described and claimed in the '387 patent, including but not limited to the following variable-enabled printing systems:

    a.     **Ricoh Models** (Aficio 1050, Aficio 1085, Aficio 1105, Aficio 3260C, Aficio 5560, Aficio 6513, Aficio 3506, Aficio 4506, Aficio 3131, Aficio 3121, Aficio 2090, Aficio 2105, Ricoh Aficio MP9000, Ricoh Aficio MP1100, Ricoh Aficio MP1350, MP C2500, MP C3000, MP C3500, MP C4500, Aficio 6513, Aficio 3506, Aficio 3006, Aficio 3121, Aficio 3131, Aficio 3506, Aficio 4006, Aficio 4106, Aficio 4506, Aficio 6010, Aficio 6110, Aficio 6510) **which process PPML for variable data printing jobs using EFI Digital Front Ends** (EFI/EB-105e, EFI/EB-105EX, EFI/EB-135, Fiery E-7000, Fiery E-8000, Fiery E-310, Fiery E-300, Fiery E-750, Fiery E-850, Fiery E-650, Fiery E-800, Fiery E-700, Fiery E-710, Fiery E-810, Fiery E-820 and EFI/Fiery color digital print), including:

        i.     Aficio 1085 with EFI/EB-105e;

        ii.     Aficio 2090 with EFI/EB-105EX;

        iii.     Aficio MP9000 with EFI/EB-135;

        iv.     Aficio 1050 with EFI/EB-105e;

        v.     Aficio 1105 with EFI/EB-105e;

{K0388857.1}                    15

vi.     Aficio 2105 with EFI/EB-105EX;

vii.    Aficio MP1100 with EFI/EB-135;

viii.   Aficio MP1350 with EFI/EB-135;

ix.     Aficio 3260C with Fiery E-7000 or Fiery E-8000;

x.      Aficio Color 5560 with Fiery E-7000 or Fiery E-8000;

xi.     Aficio 3506 with Fiery E-310;

xii.    Aficio 3006 with Fiery E-300;

xiii.   Aficio 3121 with Fiery E-750;

xiv.    Aficio 3131 with Fiery E-750, E-850;

xv.     Aficio 3506 with Fiery E-310;

xvi.    Aficio 4006 with Fiery E-300;

xvii.   Aficio 4106 with Fiery E-300;

xviii.  Aficio 4506 with Fiery E-310;

xix.    Aficio 6010 with Fiery E-650, E-800;

xx.     Aficio 6110 with Fiery E-650, E-800;

xxi.    Aficio 6510 with Fiery E-700;

xxii.   Aficio 6513 with Fiery E-710, E-810, E-820;

xxiii.  MP C2500 with EFI/Fiery color digital print;

xxiv.   MP C3000 with EFI/Fiery color digital print;

xxv.    MP C3500 with EFI/Fiery color digital print; and

xxvi.   MP C4500 with EFI/Fiery color digital print.

49.     The Ricoh Defendants were first placed on notice by Tesseron of the '205 published application by a letter dated September 11, 2002, and addressed to Mr. Masamitsu Sakuri.

50.     The Ricoh Defendants were first placed on notice by Tesseron of the '387 patent by a letter dated April 28, 2005, and addressed to Mr. Kenji Takiguchi.

51.     Upon information and belief, the Ricoh Defendants' infringement of claim(s) of the '387 patent has been willful, deliberate and in conscious disregard of Tesseron's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

52.     As a result of the actions of the Ricoh Defendants, Tesseron has suffered and will continue to suffer substantial injury, including irreparable harm and damages, and loss of sales and profits that Tesseron would have made but for the infringement by the Ricoh Defendants, unless the Ricoh Defendants are preliminarily and/or permanently enjoined by this Court.

## DEMAND FOR JUDGMENT

WHEREFORE, Tesseron prays that the Court enter judgment in its favor as follows:

A.    As to EFI:

    1.    That EFI be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed one or more claims of U.S. Patent Nos. 6,381,028 and 6,771,387;

    2.    That EFI, its agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of U.S. Patent Nos. 6,381,028 and 6,771,387;

    3.    An accounting be had for the profits and other damages arising out of EFI's infringement of U.S. Patent Nos. 6,381,028 and 6,771,387, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest;

    4.    That this case be decreed an "exceptional case" within the meaning of 25 U.S.C. § 285 and reasonable attorneys' fees be awarded to Tesseron; and

    5.    That Tesseron be awarded such other costs and further relief as the Court deems just and proper.

B.    As to the Konica Defendants:

    1.    That the Konica Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed one or more claims of U.S. Patent Nos. 6,381,028 and 6,771,387;

    2.    That the Konica Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of U.S. Patent Nos. 6,381,028 and 6,771,387;

    3.    An accounting be had for the profits and other damages arising out of the Konica Defendants' infringement of U.S. Patent Nos. 6,381,028 and 6,771,387, and that the damages be trebled pursuant to 35 U.S.C. § 284 for

the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest;

4.    That this case be decreed an "exceptional case" within the meaning of 25 U.S.C. § 285 and reasonable attorneys' fees be awarded to Tesseron; and

5.    That Tesseron be awarded such other costs and further relief as the Court deems just and proper.

C.    As to the Ricoh Defendants:

1.    That the Ricoh Defendants be declared and adjudged to have infringed, actively induced others to infringe, and/or contributorily infringed one or more claims of U.S. Patent Nos. 6,381,028 and 6,771,387;

2.    That the Ricoh Defendants, their agents, sales representatives, distributors, servants and employees, attorneys, affiliates, subsidiaries, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or in participation with any or all of them, be enjoined and restrained preliminarily and permanently, from infringing, actively inducing others to infringe, and/or contributorily infringing claim(s) of U.S. Patent Nos. 6,381,028 and 6,771,387;

3.    An accounting be had for the profits and other damages arising out of the Ricoh Defendants' infringement of U.S. Patent Nos. 6,381,028 and 6,771,387, and that the damages be trebled pursuant to 35 U.S.C. § 284 for the willful acts of infringement complained of herein and awarded to Tesseron, together with prejudgment and post-judgment interest;

4.    That this case be decreed an "exceptional case" within the meaning of 25 U.S.C. § 285 and reasonable attorneys' fees be awarded to Tesseron; and

5.    That Tesseron be awarded such other costs and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Tesseron demands a trial by jury on the causes of action set forth herein.

Respectfully submitted,


/s/ Stephen H. Jett
Stephen M. O'Bryan (0009512)
sobryan@taftlaw.com
David H. Wallace (0037210)
dwallace@taftlaw.com
Stephen H. Jett
sjett@taftlaw.com
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
(216) 241-2838;
(216) 241-3707 (Facsimile)

L. Clifford Craig (0024859)
craigc@taftlaw.com
Kevin W. Kirsch (0081996)
kirsch@taftlaw.com
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 381-2838
(513) 381-0205 (Facsimile)


*Counsel for Plaintiff, Tesseron, Ltd.*

{K0388857.1}                                    20

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2007, the foregoing was filed electronically. Notice

of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


*/s/ Stephen H. Jett* _____
One of the Attorneys for Plaintiff