1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    ELECTRONICS FOR IMAGING, INC.,                    No. C 07-05534 CRB

12                     Plaintiff,                        **ORDER GRANTING MOTION TO
                                                         TRANSFER**
13         v.

14    TESSERON, LTD,

15                     Defendant.
      _____/

16

17          This case involves allegations of patent infringement by Tesseron, the owner of

18    intellectual property rights in the field of high-speed and high-volume variable printing,

19    against Electronics for Imaging ("EFI"), which offers printing products and services.  On

20    September 26, 2007, Tesseron filed a patent infringement claim – based on, <u>inter alia</u>, U.S.

21    Patent 6,381,028 ("'028 patent") and U.S. Patent 6,771,387 ("'387 patent") – against Konica

22    in the United States District Court, Northern District of Ohio.  On October 30, 2007, EFI

23    filed this action for declaratory relief in the Northern District of California, seeking to

24    determine its rights to eight patents owned by Tesseron, including the '028 and '387 patents.

25    Tesseron amended their complaint in the Ohio action on December 6, 2007, adding EFI as an

26    additional defendant.

27          Defendant Tesseron now moves this Court to transfer venue to the Northern District

28    of Ohio pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) grants district courts the discretion

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  to transfer any civil action to any other district or division where it might have been brought

2  "[f]or the convenience of parties and witnesses, in the interest of justice."  The purpose of

3  this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants,

4  witnesses and the public against unnecessary inconvenience and expense."  Van Dusen v.

5  Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. The Barge FBL-585,

6  364 U.S. 19, 26-27 (1960)).  Because interests of justice and judicial economy favor transfer,

7  defendant's motion is GRANTED.[1]  The hearing scheduled for February 1, 2008 is

8  VACATED.

9       Section § 1404(a) has two requirements: (1) that the district to which the defendants

10  seek to have the action transferred is one in which the action "might have been brought"; and

11  (2) that the transfer be for the convenience of parties and witnesses, and in the interest of

12  justice.  EFI does not contest that the Northern District of Ohio would have subject matter of

13  its action pursuant to 28 U.S.C. § 1400(b).  Accordingly, the decision to transfer turns on §

14  1404's second requirement.[2]

15       With respect to the second factor, the interest of justice is the most important

16  consideration.  "Consideration of the interest of justice, which includes judicial economy,

17  may be determinative to a particular transfer motion, even if the convenience of the parties

18  and witnesses might call for a different result."  Regents of the University of California v. Eli

19  Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997) (internal quotation omitted).  Because

20  Tesseron has a pending case against EFI in the Northern District of Ohio that concerns two

21  of the patents at issue in EFI's complaint, the interest of justice and considerations of judicial

22  economy weigh overwhelmingly in favor of transfer.  "To permit a situation in which two

23  cases involving precisely the same issues are simultaneously pending in different District

24  Courts leads to the wastefulness of time, energy and money that s 1404(a) was designed to

25

26  [1] Because the Court grants Tesseron's motion to transfer, it does not address Tesseron's arguments regarding personal jurisdiction.

27

28  [2] EFI implies in the Introduction to its Opposition that it would not be subject to the court's personal jurisdiction in the Northern District of Ohio.  See Opp. at 1-2.  However, because EFI has provided no additional explanation or support for its personal jurisdiction argument, the Court must assume that the argument has now been abandoned.

prevent." <u>Continental Grain Co. v. The FBL-585</u>, 364 U.S. 19, 26 (1960). Having both actions before a single judge will obviate the need for duplicative tutorials and evidence, and will facilitate global settlement.

On the other side of the scale, there are numerous witnesses who live in California, EFI maintains its principal place of business in California, and EFI's choice of forum deserves some deference. Thus, it is arguable that transferring this case to Ohio will place certain burdens on EFI and likely witnesses.

However, the pertinent question is not simply whether <u>this</u> action would be more conveniently litigated in Ohio than California, but whether it would be more convenient to litigate the California and Ohio actions separately or in a coordinated fashion. In the Court's opinion, the interest of justice and judicial economy would be promoted by transferring this case to Ohio to prevent duplicative and unnecessary efforts. Accordingly, Tesseron's motion to transfer is GRANTED.

**IT IS SO ORDERED.**

Dated:  January 29, 2008

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California